

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

STACEY LYNNE GADBOIS,
    Plaintiff,

v.                                                                                                       Civil No. 2:15cv107

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration,
    Defendant.

## FINAL ORDER

Plaintiff Stacey Lynne Gadbois ("Plaintiff") brought this action under 42 U.S.C. §§ 1383(c)(3) and 405(g) seeking judicial review of the final decision of the Social Security Commissioner ("Commissioner") denying her claim for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia, and by Order of reference dated May 22, 2015, this matter was referred to United States Magistrate Judge Lawrence R. Leonard for a Report and Recommendation.

In a Report and Recommendation ("R&R") filed on December 28, 2015, Magistrate Judge Leonard concluded that the decision by the Administrative Law Judge ("ALJ") to deny Ms. Gadbois' claim was supported by substantial evidence, and recommended denying her Motion for Summary Judgment, granting the Commissioner's Motion for Summary Judgment, affirming the decision of the Commissioner, and dismissing this case with prejudice. ECF No. 17.

By copy of the Report, each party was advised of the right to file written objections to the findings and recommendations made by the Magistrate Judge. The Court received Plaintiff's objections to the Magistrate Judge's R&R, and has considered the objections carefully.

## **LEGAL STANDARDS**

When considering a party's objections to the findings and recommendations of the Magistrate Judge, this Court "must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also Wimmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985) ("[A]ny individual findings of fact or recommendations for disposition by [the Magistrate Judge], if objected to, are subject to final *de novo* determination . . . by a district judge . . . ."). Under *de novo* review, the Magistrate Judge's R&R carries no presumptive weight, and the district court may accept, reject or modify the report, in whole or in part, or may recommit the matter to the Magistrate Judge with instructions. Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the Magistrate Judge with instructions."); *Halloway v. Bashara*, 176 F.R.D. 207, 209–10 (E.D. Va. 1997). When conducting this *de novo* determination, this Court must give "fresh consideration" to the relevant portions of the Magistrate Judge's R&R. *United States v. Raddatz*, 447 U.S. 667, 675 (1980).

A court reviewing a decision made in accordance with the Social Security Act must determine whether the factual findings are supported by substantial evidence and were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.* (citations omitted).

In reviewing for substantial evidence, this Court does not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Id.* The Commissioner's findings as to any fact, if supported by substantial evidence, are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971).

## ANALYSIS

As reviewed above, the R&R of the Magistrate Judge was filed on December 28, 2015, and recommended that Plaintiff's Motion for Summary Judgment be denied; that the Acting Commissioner's Motion for Summary Judgment be granted; and that the final decision of the Commissioner be affirmed. Plaintiff filed her objections to the Report and Recommendation on January 11, 2016. ECF No. 18. Defendant responded to Plaintiff's objections on January 25, 2016. ECF No. 19.

Following this Court's *de novo* review of the R&R, and of the objections filed thereto, and finding no error, the Court **ADOPTS** the findings and recommendations set forth in the R&R of the United States Magistrate Judge filed on December 28, 2015. A brief summary of the issues presented and the *de novo* review that was undertaken follows.

Plaintiff contends that the R&R, which affirms the ALJ's decision to deny DIB benefits, contains two errors. First, Plaintiff reiterates arguments about the significance of four documents regarding her health care that she attached to her judicial complaint filed on March 13, 2015. Plaintiff reiterates that the documents should have been construed as new and material evidence warranting a remand for further administrative review. This evidence provides a new diagnosis that Plaintiff has suffered from Postural Orthostatic Tachycardia Syndrome ("POTS") since before her Date Last Insured ("DLI") of September 30, 2011. Plaintiff contends that this new POTS diagnosis "requires that Ms. Gadbois' condition, its severity, and its impact on her previous and subsequent ability to work be reassessed." ECF No. 18 at 5.

In his comprehensive and detailed analysis of this issue, the Magistrate Judge concluded that none of the four documents constituting the proffered "new evidence" was material, and that Plaintiff also lacked good cause for failing to submit two of these four documents in a timely manner. ECF No. 17 at 17-21. This Court's *de novo* review of this analysis and of the objections thereto compels adoption of the Magistrate Judge's recommendations. The new

POTS diagnosis merely provides a name and an additional reason for the symptoms that the ALJ already attributed to Plaintiff and considered fully in evaluating her ability to perform work. The new diagnosis itself falls short of being material evidence because there is no showing that the Commissioner's decision might reasonably have been different had the evidence been presented to the Commissioner. *See Wilkins v. Sec'y Dep't of Health & Human Servs.*, 953 F.3d 93, 96 (4th Cir. 1991) (finding that new evidence "is material if there is a reasonable possibility that the new evidence would have changed the outcome").

Plaintiff's second objection argues that the Magistrate Judge erred in concluding that the ALJ adequately considered the medical opinions of Dr. Beals. Plaintiff contends that this conclusion conflicts with the principles enunciated by the United States Court of Appeals for the Fourth Circuit in *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 340 (4th Cir. 2012). At the outset of evaluating this objection, this Court recognizes that the R&R addressed Plaintiff's arguments regarding the *Bird* decision thoroughly. ECF No. 17 at 22-24. Plaintiff's objection to this analysis constitutes little more than a reiteration of her prior arguments that have been evaluated fully. A restatement of arguments already raised in the summary judgment filings fails to constitute an "objection" for the purposes of district court review. *Abou–Hussein v. Mabus*, No. 2:09–1988–RMG–BM, 2010 WL 4340935, at *1 (D.S.C. Oct. 28, 2010) *aff'd*, 414 Fed. Appx. 518 (4th Cir. 2011); *see also Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

In the portion of the *Bird* decision relevant to the issue presented here, the Fourth Circuit recognized that "[m]edical evaluations made after a claimant's insured status has expired are not automatically barred from consideration and may be relevant to prove a disability arising before the claimant's DLI." *Bird*, 699 F.3d at 340 (citations omitted). Notwithstanding some ambiguous commentary from the ALJ regarding the timing of and setting for the medical opinions of Dr. Beals, the Magistrate Judge provided a clear basis for concluding that the ALJ

4

never barred consideration of the doctor's opinions in violation of *Bird*, but instead summarized and briefly addressed his medical opinions, evaluated Plaintiff's medical history, and specifically considered evidence that originated outside of Plaintiff's DLI. Plaintiff's objection to the R&R's conclusion that the ALJ "considered all evidence in the record, including that from both before Ms. Gadbois' onset date and after her DLI," and gave "retrospective consideration to the medical evidence created after Ms. Gadbois' DLI" in a manner that was consistent with the *Bird* decision, is found to be meritless after this Court's *de novo* review.

## CONCLUSION

After reviewing the record and Plaintiff's objections *de novo*, this Court **ADOPTS** and **APPROVES** in full the findings and recommendations set forth therein. ECF No. 17. Therefore, it is **ORDERED** that Ms. Gadbois' Motion for Summary Judgment (ECF No. 11) is **DENIED**, the Commissioner's Motion for Summary Judgment (ECF No. 13) is **GRANTED**, the decision of the Commissioner is **AFFIRMED**, and this case is **DISMISSED WITH PREJUDICE**.

The parties are **ADVISED** that an appeal from this Final Order may be commenced by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. This written notice must be received by the Clerk within sixty days from the date of this Final Order.

The Clerk is **REQUESTED** to forward a copy of this Order to all parties.

**IT IS SO ORDERED.**

/s/ Arenda L. Wright Allen
Arenda L. Wright Allen
United States District Judge

Feb. 16, 2016
Norfolk, Virginia